Signed and Filed: November 22, 2012

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>COURTNEY A. BROWN,<br><br>　　　　　　　　　　　Debtor.<br>_____<br>COURTNEY A. BROWN,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CENTURY REAL ESTATE CORPORATION,<br><br>　　　　　　　　　　　Defendant.<br>_____ | Bankruptcy Case<br>No. 11-32501DM<br><br>Chapter 13<br><br>Adversary Proceeding<br>No. 11-3172DM |

MEMORANDUM DECISION AFTER TRIAL

I. INTRODUCTION

　　On November 19, 2012, the court conducted a trial in this adversary proceeding. Plaintiff Courtney A. Brown ("Brown") appeared and was represented by Reuben L. Nocos, Esq., one of his attorneys. Defendant Century Real Estate Corporation ("CREC") appeared and was represented by Jeannette R. Marsala, Esq., one of its attorneys.

　　Having heard and considered the evidence presented at trial, together with the written and oral arguments of counsel, the court concludes, for the reasons explained below, that Brown is not

-1-

entitled to any relief in this action and that judgment should be entered in favor of CREC.

II. DISCUSSION[1]

Brown borrowed $150,000 from Westminister Financial ("Westminister") in May, 2005. The loan was evidenced by a Home Equity Line Of Credit and Promissory Note(the "Note")(Exhibit A) and was secured by a Home Equity Line Of Credit Deed of Trust (the "Deed of Trust") (Exhibit B) encumbering Brown's real property on Folsom Street in San Francisco (the "Property").

At some point, probably in November, 2005, Westminister endorsed the Note, and assigned the Deed Of Trust to Value Home Loan, Inc. ("Value")(Exhibit C).

In 2006 Value assigned the Deed of Trust to itself and Century Field, Inc. (Exhibit D), although Value continued to be the loan servicer.

In 2008, Value assigned its interest in the Deed of Trust to Bernard L. Warner-IRA (Exhibit H). Following Brown's default on the obligations under the Note and the issuance of a Notice Of Default and Election To Sell Under Deed of Trust (Exhibit P), Century Field, Inc. and Bernard L. Warner-IRA assigned their interests in the Deed of Trust to CREC (Exhibits U and V). Those assignments were not recorded at that time.

Also following Brown's default and prior to a January 18,

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a). While the parties consented to this court deciding this matter by final judgment, to the extent any court on review decides otherwise, the findings should be considered proposed findings. See General Order 24, United States District Court, Northern District of California.

-2-

2011, foreclosure sale, various substitutions of trustee were executed. The Notice Of Default and the follow-up Notice Of Trustee's Sale (Exhibit T) were issued by SoCal Foreclosure Services, Inc. ("SoCal"), the substituted trustee.

When the foreclosure sale occurred, SoCal executed a Trustee's Deed Upon Sale (Exhibit W) naming the grantee, CREC, as the foreclosing beneficiary. That is consistent with the state of the unrecorded record; the assignments of the Deed of Trust by Bernard L. Warner-IRA and Century Field, Inc., although executed in July, 2010, were not recorded until February 4, 2011, the same day the Trustee's Deed Upon Sale was recorded.

In what appears in retrospect to be a red herring in this case, in September 11, 2009, various entities affiliated with Century Field, Inc. and Value entered into a letter agreement. That letter agreement was offered into evidence by CREC (Exhibit I for identification), but the court sustained Brown's objection to its admissibility on authenticity and hearsay grounds. However, following trial, the court examined Exhibits U and V, both of which were admitted into evidence without objection. Both exhibits have attached to them a copy of the same September 11, 2009 letter. Thus the very letter agreement described by the Value and Century Field entities as a Foreclosure Procedures Letter, came into evidence despite Brown's attempts to exclude it as a separate exhibit. The reason why that letter is a red herring is that upon further examination it appears that CREC is not a party to it. The letter appears to establish a protocol for dealing with foreclosures between Value, Century Field, Inc., and several other entities that are related to Century Field, Inc.,

Case: 11-03172   Doc# 22   Filed: 11/22/12   Entered: 11/27/12 13:32:26   Page 3 of 8

including an entity known as Century Real Estate Co., LLC. CREC is not mentioned.

Despite the confusion over the applicability and efficacy of the Foreclosure Procedures letter, and whether or not it was properly admitted into evidence (which makes no difference and has no bearing on the court's decision), the chain of events described above show that Value was the loan servicer at all relevant times, and that as of the time of foreclosure CREC was the assignee of the beneficial interests in the deed of trust given by Brown in 2005, albeit not the assignee as of the public record.

The critical issues in this matter are whether Brown was in default at all when the foreclosure occurred. If he was not, the foreclosure was obviously improper. If he was, the question then turns on whether CREC could be the credit bidder entitled to take title via the Trustee's Deed Upon Sale when its status as assignee of the Deed of Trust had not already been recorded. And regardless of that, can Brown be heard to complain about CREC on this record.

Turning to the first issue, Brown defaulted on payments due under the Note for January, February, March, and April, 2011. While he testified that he tendered a January payment he did not prove that that payment was ever received or that his check was cashed by Value or any other entity. Countering that contention are Exhibits N and O, each of which confirm that Brown was in default for the four months mentioned above in the amount of $2,272.53 per month for a total of $9,090.12. In addition to those four payments, four late charges for $132.42 were imposed as were other charges totaling $1,497.34 as shown on Exhibits N and

-4-

O. Brown has not contested those additional charges. Thus the total amount necessary to reinstate the obligations under the Note as of April 13, 2011, was $11,117.14, the exact amount shown in the Notice Of Default (Exhibit P). Thus, the foreclosure was appropriate.

Whether CREC was entitled to be the credit bidder at the sale, and whether or not Brown incurred any prejudice by any irregularity, are the remaining issues for the court to decide.

First, as noted, CREC was the assignee of the Deed of Trust so the issue there is limited to whether or not its status as assignee, and thus its right to submit a credit bid, needed to be of record by the date of the foreclosure sale. As to the second issue, Brown offered nothing more than vague generalities as to any prejudice he suffered as a result of CREC's obtaining title rather than whomever else he contends would be the only party authorized or empowered to make a credit bid.

The court is persuaded by CREC's reliance on California law that requires someone trying to overcome the presumption of validity in a foreclosure sale to demonstrate prejudice. Knapp v. Doherty, 123 Cal. App. 4th 76 (2004); Fontenot v. Wells Fargo Bank, 198 Cal. App. 4th at 256 (2011). In Fontenot the court explained:

> We also note a plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests. \*\*481 (*Melendrez v. D & I Investment, Inc., supra,* 127 Cal.App.4th at p. 1258, 26 Cal.Rptr.3d 413; *Knapp v. Doherty, supra,* 123 Cal.App.4th at p. 86, fn. 4, 20 Cal.Rptr.3d 1 ["A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption 'by pleading and proving an improper procedure *and the resulting prejudice* ' "], italics added; *Lo v. Jensen*

```
                (2001) 88 Cal.App.4th 1093, 1097-1098, 106 Cal.Rptr.2d 443
                [collusion resulted in inadequate sale price]; Angell v.
                Superior Court (1999) 73 Cal.App.4th 691, 700, 86 Cal.Rptr.2d
                657 [failure to comply with procedural requirements must
                cause prejudice to plaintiff].) Prejudice is not presumed
                from "mere irregularities" in the process. (Meux v. Trezevant
                (1901) 132 Cal. 487, 490, 64 P. 848.)
```

Fontenot 198 Cal.App.4th at 272.

While arguably the questions about an unrecorded assignee making a credit bid is more substantive than procedural, the court went on:

```
                As to plaintiff, an assignment merely substituted one
                creditor for another, without changing her obligations under
                the note. Plaintiff effectively concedes she was in default,
                and she does not allege that the transfer to HSBC interfered
                in any manner with her payment of the note (see, e.g., Munger
                v. Moore (1970) 11 Cal.App.3d 1, 7-8, 89 Cal.Rptr. 323
                [failure by lender to accept timely tender] ), nor that the
                original lender would have refrained from foreclosure under
                the circumstances presented.
```

Id.

Brown has not demonstrated prejudice, even if there had been an irregularity in the sale.

Similarly, the question of whether or not the beneficial interest in the deed of trust must be recorded before the foreclosure sale has been resolved by two recent California Court of Appeals decisions, Haynes v. EMC Mortg. Corp., 205 Cal. App. 4th (2012) and Calvo v. HSBC Bank USA, N.A., 199 Cal. App.4th 118 (2011).

Brown relies on a contrary view of California law set forth in Cruz v. Aurora Loan Services, LLC (In re Cruz),457 B.R. 806, (Bankr. S.D. Cal. 2011). That decision followed the same court's earlier opinion in U.S. Bank N.A. v. Skelton (In re Salazar), 448 B.R. 814 (Bankr. S.D. Cal 2011) to the effect that California Civil Code § 2932.5 applied to deeds of trust as well as

-6-

mortgages, and thus required an assignment of a deed of trust to be recorded before a foreclosure sale. Were this court to follow Cruz and Salazar it presumably would ignore the absence of prejudice in Brown's case, instead concluding that he had a statutory right to insist that the foreclosing beneficiary hold a recorded assignment of its interest.

The major flaw in Brown's reasoning here is that Salazar has been overruled on appeal by the United States District Court in In re Salazar (S.D. Cal. 2012) 470 B.R. 557 and is no longer good law; so too must the reasoning of Cruz be rejected.

The Salazar district court followed the Calvo, which was issued on September 13, 2011:

> In *Calvo,* the plaintiff sued HSBC Bank and MERS, its agent and nominal beneficiary under a deed of trust recorded against the plaintiff's residence. *Calvo,* 199 Cal.App.4th at 120, 130 Cal.Rptr.3d 815. The deed of trust granted title to the *561 plaintiff's residence to the trustee, in trust, with the power of sale. *Id.* The deed of trust also stated: "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the Security Instrument." *Id.* at 120–21, 130 Cal.Rptr.3d 815.....
> The plaintiff argued, like Salazar, that the foreclosure was void and should be set aside because HSBC Bank, which bought the plaintiff's residence at a foreclosure sale, "invoked the power of sale without complying with the requirement of [California Civil Code] section 2932.5 to record the assignment of the deed of trust from the original lender to HSBC Bank." *Id.* at 121, 130 Cal.Rptr.3d 815. The Court of Appeal found "no merit in this contention." *Id.* It concluded that "[i]t has been established since 1908 that this statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust." *Id.* at 122, 130 Cal.Rptr.3d 815. The Court of Appeal primarily based that conclusion on its finding that *Stockwell*—which found that § 2932.5 's substantively similar predecessor statute did not apply to a trustee's sale—remains good law

-7-

today. *Id.* at 122-23, 130 Cal.Rptr.3d 815 (discussing *Stockwell v. Barnum,* 7 Cal.App. 413, 94 P. 400 (1908).)

In re Salazar (S.D. Cal. 2012) 470 B.R. 557, 560-61.

Calvo[2], Salazar and Haynes lead this court to the inevitable conclusion that California Civil Code § 2932.5's requirement that the assignment of the Deed of Trust be recorded prior to the foreclosure sale does not apply (Brown did not give Westminster a mortgage), CREC had the right to credit bid at foreclosure and acquire the Property and Brown is not entitled to relief.

Brown's adversary complaint alleged four counts: wrongful foreclosure; quiet title; set aside sale; cancel trust deed. All four counts are just four ways to say the same thing and the court, for the reasons summarized above, has rejected those theories. Defendant CREC is entitled to a judgment. Counsel for CREC should submit a form of judgment in its favor plus costs and should comply with B.L.R. 9022-1.

**END OF MEMORANDUM DECISION**

---

[2] The Calvo court found the bankruptcy court's Salazar decision's interpretation of California law and the applicability of Civil Code section 2932.5 "unpersuasive" and entitled to les deference that other federal court decisions. Calvo, 199 Cal. App. 4th, at fn. 2.

-8-